**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **THE MATHWORKS, INC.,** | |
| **Plaintiff,** | **CIVIL ACTION NO. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ACCELEREYES LLC, AMAX INFORMATION TECHNOLOGIES, INC., AMAX ENGINEERING CORPORATION, FEDERAL EDGE, INC., AND PADOVA TECHNOLOGIES, INC.** | |
| **Defendants.** | |

**THE MATHWORKS, INC.'S COMPLAINT**
**FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, VIOLATIONS OF**
**ILLINOIS UNFAIR TRADE PRACTICES ACTS, AND UNFAIR COMPETITION**

Plaintiff The MathWorks, Inc., ("MathWorks"), for its Complaint against Defendants

AccelerEyes LLC ("AccelerEyes"), AMAX Engineering Corporation ("AMAX Engineering"),

AMAX Information Technologies, Inc. ("AMAX Information"), Federal Edge, Inc. ("FedEdge"),

and Padova Technologies, Inc. ("Padova"), hereby alleges:

**THE PARTIES**

1.      Plaintiff MathWorks is a corporation duly organized and existing under the laws

of the State of Delaware, having a principal place of business at 3 Apple Hill Drive, Natick,

Massachusetts 01760-2098.

2.      On information and belief, Defendant AccelerEyes is a corporation organized

under the laws of the State of Georgia.  On information and belief, AccelerEyes' principal place

of business is located at 75 5th Street N.W., Suite 204, Atlanta, Georgia 30308.  On information

and belief, AccelerEyes develops and manufactures software products, including Jacket,

libJacket, add-on libraries, and add-on products. These add-on libraries include Jacket Sparse Linear Algebra ("SLA"), Jacket Double Precision Linear Algebra ("DLA"), Image Processing library, Signal Processing library, Statistics library, and Graphics library (collectively, "Add-On Libraries"). These add-on products include Jacket MGL, Jacket HPC, Jacket JMC, and Jacket SDK (collectively, "Add-On Products"). On information and belief, AccelerEyes sells, offers for sale, uses, causes others to use, and otherwise markets, in this Judicial District and elsewhere in the United States, software products, including Jacket, libJacket, the Add-On Products, and the Add-On Libraries.

3.       On information and belief, Defendant AMAX Engineering is a corporation organized under the laws of the State of California. On information and belief, AMAX Engineering's principal place of business is located at 1565 Reliance Way, Fremont, California 94539. On information and belief, AMAX Engineering also has offices at 850 North Dorothy, Suite 516, Richardson, Texas 75081.

4.       On information and belief, Defendant AMAX Information is a corporation organized under the laws of the State of California. On information and belief, AMAX Information's principal place of business is located at 1565 Reliance Way, Fremont, California 94539.

5.       On information and belief, AMAX Engineering and AMAX Information (jointly "AMAX") sell, offer for sale, and otherwise market, in this Judicial District and elsewhere in the United States, software products developed and manufactured by AccelerEyes, including Jacket, libJacket, various add-on products such as Jacket SDK, and various add-on libraries such as Jacket DLA.

6.      On information and belief, Defendant FedEdge is a corporation organized under the laws of the State of California.  On information and belief, FedEdge's principal place of business is located at 14427 Meridian Parkway, Riverside, California 92518.

7.      On information and belief, FedEdge sells, offers for sale, and otherwise markets, in this Judicial District and elsewhere in the United States, software products developed and manufactured by AccelerEyes, including Jacket, various add-on products such as Jacket MGL, and various add-on libraries such as Graphics library.

8.      On information and belief, Defendant Padova is a corporation organized under the laws of the State of Maryland.  On information and belief, Padova's principal place of business is located at 1797H Cromwell Park Drive, Glen Burnie Maryland 21061.  On information and belief, Padova also has offices in Dallas, Texas.

9.      On information and belief, Padova sells, offers for sale, and otherwise markets, in this Judicial District and elsewhere in the United States, software products developed and manufactured by AccelerEyes, including Jacket, various add-on products such as Jacket MG, Jacket SDK and Jacket JMC, and various add-on libraries such as Jacket SLA and Jacket DLA.

10.     On information and belief, AMAX, FedEdge, and Padova (jointly "Reseller Defendants"), resell software products developed and manufactured by AccelerEyes, including Jacket, add-on products, and add-on libraries, throughout the United States.

## JURISDICTION AND VENUE

11.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This is also a civil action for trademark infringement in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114; for unfair competition and false designation of origin in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); and for federal dilution in violation of Section 43(c) of the

United States Trademark Act, 15 U.S.C. § 1125(c). Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This is also a civil action for violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*; for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.*; and for common law unfair competition. This Court has jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367.

12. Defendants are subject to personal jurisdiction in Illinois and in this Judicial District because, on information and belief, Defendants have established minimum contacts in Illinois and in this Judicial District by, among other things, marketing, advertising, offering for sale, and selling infringing products in this Judicial District, including the AccelerEyes Jacket product. Defendants continuously transact business in this Judicial District, by, among other things, marketing, advertising, using, offering to sell or selling, or by causing others to use in this Judicial District, software products including the AccelerEyes Jacket product.

13. Venue properly exists in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

14. MathWorks is a leading developer of mathematical computing software that is used by engineers and scientists worldwide to accelerate the pace of discovery, innovation, and development. Founded in 1984, MathWorks creates software for technical computing and model-based design for engineers, scientists, mathematicians, and researchers. MathWorks' core products are MATLAB® and Simulink® computer software.

15. MATLAB® is a computer program that provides an environment for algorithm development, data analysis, visualization, and numeric computation. MathWorks develops and

markets MATLAB®. MathWorks has been marketing and selling this product under the name "MATLAB" for more than twenty-five years.

16.     MATLAB® is a popular software tool for engineering and scientific work used by over a million of the world's leading technical people, in over 100 countries, who work at the world's most innovative technology companies, government research labs, financial institutions, and at more than 3,500 universities. MathWorks also offers add-on toolboxes (libraries of special-purpose MATLAB® functions) to extend the MATLAB® environment to solve particular classes of problems in different application areas.

17.     MathWorks also offers a large number of add-on programs that work with MATLAB® in areas such as communications, controls, signal processing, video processing, and image processing, as well as for parallel computing on multicore computers, analyzing statistical data, code generation, application building, and testing.

18.     MATLAB®, the companion toolboxes, and add-on products provide engineers, scientists, mathematicians, and educators with a powerful set of tools. These products serve a broad range of tasks across a variety of industries from automotive and electronics to industrial equipment, telecommunications, aerospace, and defense. For example, MathWorks' customers have used MATLAB® to improve the safety and efficiency of spacecraft docking by developing adaptive neurocontrol technology for a computer-aided, joystick control system; to improve race car performance by designing an automatic spring-testing system; to advance the mapping of the human genome by developing algorithms for DNA sequencing instruments; and to avert financial crises in emerging economies by building an econometric model to predict such crises.

19.     Over the years, MathWorks' products have received substantial recognition in the form of industry awards and accolades. For example, EDN, a magazine published for engineers

and focused on electronic design technologies, has recognized MathWorks' products as "Top Software" products, "Hot Products," and top "Innovative" products on separate occasions. Scientific Computing Magazine has also recognized MathWorks' products with a variety of awards over the years. Automotive Engineering International has also recognized MathWorks' products as a "Top Product." MATLAB® has received choice awards from the readers of NASA Tech Briefs and Scientific Computing & Automation, and from the editors of Microwaves & RF. These are but a few of the awards the industry has presented to MathWorks' products.

20. MathWorks has invested substantial resources into marketing and advertising MathWorks and its products, including attending trade shows and maintaining its www.mathworks.com website. As a result, MathWorks and its products have become well-known and famous throughout the scientific and engineering communities.

21. AccelerEyes markets itself as a provider of software that "accelerates MATLAB® code." According to AccelerEyes' website, www.accelereyes.com, AccelerEyes provides "MATLAB GPU Computing." AccelerEyes' website uses "MATLAB," "MathWorks," and "Parallel Computing Toolbox" as metadata keywords. AccelerEyes' website uses "AccelerEyes – MATLAB GPU Computing" as title metadata. AccelerEyes' website also includes "Jacket is software for MATLAB GPU computing" in its description metadata. AccelerEyes' home page includes the phrase "Jacket for MATLAB®" in which the MATLAB mark is featured more prominently than the name of AccelerEyes' own Jacket product.

22. AccelerEyes provides descriptions of various Jacket functions on its website. AccelerEyes' descriptions include a section titled "CPU usage" that contains links to MathWorks' website, in particular to MathWorks' MATLAB® product documentation. By providing such

links without proper attribution or explanation, AccelerEyes suggests a sponsorship and/or connection between the Jacket product and MathWorks, including the MATLAB® product, where no sponsorship or connection exists.  AccelerEyes' unauthorized use of MathWorks' MATLAB® documentation further provides AccelerEyes with an unfair competitive advantage as AccelerEyes was not burdened with the cost and effort to develop those materials.

23.     The AccelerEyes website also markets libJacket product as  "build[ing] upon the big success of Jacket for MATLAB®, bringing that popular runtime system and vast GPU function library to new programming languages."

24.     The AccelerEyes website, Jacket datasheet, and, on information and belief, AccelerEyes packaging, brochures, advertising and other promotional materials, contain numerous references to "MATLAB®" and "MATLAB" in connection with the AccelerEyes Jacket product, as well as to "MathWorks," "MathWorks Partner," MathWorks' membrane logo, and various MathWorks toolboxes.

25.     AMAX markets that its "Tesla GPU solutions deliver the power of GPU computing to MATLAB users with Jacket from Accelereyes."  According to AMAX's website, www.amax.com, "Jacket programming has become a popular method for accelerating MATLAB code on the GPU due to its ease-of-use, broad function library, and great GPU performance." On www.amax.com, AMAX also advertises that "Jacket is the premier GPU software plugin for MATLAB, enabling rapid prototyping and problem solving" and that Jacket will "Accelerate MATLAB."

26.     The AMAX website and, on information and belief, AMAX's brochures, advertising and other promotional materials, contain numerous references to "MATLAB" in connection with the AccelerEyes Jacket product.

27.    FedEdge markets AccelerEyes' Jacket product, stating "Are you a MatLab User. Try Jacket from AccelerEyes."  According to the FedEdge website, www.federaledge.com, Jacket's "combination of rapid application development with very high level languages, such as the M language of MATLAB® … changes the landscape for technical and analytical computing."

28.    The FedEdge website and, on information and belief, FedEdge's brochures, advertising and other promotional materials, contain references to "MATLAB®" and "MATLAB" in connection with the AccelerEyes Jacket product.

29.    On its website, www.padovatech.com, Padova markets that "MATLAB Acceleration [is] Made Easy with Jacket" and that Padova  "offer[s] the unmatched jacket, a GPU engine for MATLAB enabling standard MATLAB code to run on the GPU – connecting the user-friendliness of MATLAB directly to the speed and visual computing of the GPU."

30.    Padova's website and, on information and belief, Padova's brochures, advertising and other promotional materials, contain numerous references to "MATLAB" in connection with the AccelerEyes Jacket product.

31.    From September 2008 to September 3, 2010, the AccelerEyes Jacket product was a part of the MathWorks Connections Program, a program available to certain third-party organizations that develop and distribute complementary, commercially-available products and services that connect to and work with  MATLAB®.  Since September 3, 2010, AccelerEyes products have not been part of the MathWorks Connections Program.  The Reseller Defendants have never been part of the Connections Program or otherwise affiliated with MathWorks.

32.    In August and November 2010, MathWorks sent letters to AccelerEyes demanding that AccelerEyes stop its improper use of MathWorks' logos and trademarks. Despite these letters, on information and belief, AccelerEyes' use of MathWorks' logos and

trademarks has continued in willful violation of MathWorks' rights. Moreover, on information and belief, AccelerEyes failed to ensure that its resellers stopped using MathWorks' logos and trademarks in connection with AccelerEyes' products. On information and belief, Defendants' use of the marks has been with full knowledge of MathWorks' prior rights and with intent to confuse consumers and to benefit from the goodwill associated with MathWorks and MathWorks' products and services.

33.     Defendants' use of MathWorks' marks is likely to cause confusion, to cause mistake and to deceive as to source, origin or sponsorship of Defendants' products and services and to cause the public to wrongly associate MathWorks with Defendants and to believe that Defendants are partners of MathWorks or that Defendants' products and services are otherwise affiliated with, sponsored, or approved by MathWorks.

34.     Defendants' use of MathWorks' marks is likely to cause MathWorks to lose the ability to control its reputation and image among the public.

35.     Defendants' use of MathWorks' marks is likely to gain acceptance for Defendants' products and services by trading on the merit, reputation and goodwill built up by MathWorks' extensive use, advertising, and marketing of products and services under the MathWorks marks.

## THE ASSERTED PATENTS AND TRADEMARKS

36.     United States Patent No. 6,857,118 ("the '118 Patent"), titled "Function Values In Computer Programming Languages Having Dynamic Types And Overloading," was duly and lawfully issued on February 15, 2005. Since issuance, MathWorks has been the owner of all rights, title, and interest in the '118 Patent. A true and correct copy of the '118 Patent is attached hereto as Exhibit A.

37.     United States Patent No. 7,743,087 ("the '087 Patent"), titled "Partitioning Distributed Arrays According To Criterion And Functions Applied To The Distributed Arrays,"

was duly and lawfully issued on June 22, 2010.  Since issuance, MathWorks has been the owner

of all rights, title, and interest in the '087 Patent.  A true and correct copy of the '087 Patent is

attached hereto as Exhibit B.

38.     United States Trademark Registration Number 1,691,313 (Reg. No. 1,691,313),

for the mark MATLAB, was duly and lawfully issued on June 9, 1992.  MathWorks has been

using the MATLAB mark since at least 1985 to offer to customers in the United States and this

Judicial District computer software for matrix calculation and the accompanying instruction

manuals.  Since issuance, MathWorks has been the owner of Reg. No. 1,691,313 and the

MATLAB mark, as well as all of the business and goodwill connected therewith and symbolized

thereby.  A true and correct copy of Reg. No. 1,691,313 is attached hereto as Exhibit C.

39.     United States Trademark Registration Number 3,593,646 (Reg. No. 3,593,646),

for the mark MATHWORKS, was duly and lawfully issued on March 24, 2009.  MathWorks has

been using the MATHWORKS mark since at least 1985 to offer to customers in the United

States and this Judicial District technical computer software and related services.  Since issuance,

MathWorks has been the owner of Reg. No. 3,593,646 and the MATHWORKS mark, as well as

all of the business and goodwill connected therewith and symbolized thereby, including pending

United States Trademark Application No. 77105643.  A true and correct copy of Reg. No.

3,593,646 is attached hereto as Exhibit D.

40.     United States Trademark Registration Numbers 3,593,647 and 3,919,995

(membrane logo) for a cone-shaped design, were duly and lawfully issued on March 24, 2009

and February 15, 2011, respectively.  MathWorks has been using the membrane logo since 1985

to offer to customers in the United States and this Judicial District technical computer software

and related services.  Since issuance, MathWorks has been the owner of Reg. Nos. 3,593,647 and

3,919,995 and the membrane mark, as well as all of the business and goodwill connected therewith and symbolized thereby. True and correct copies of Reg. Nos. 3,593,647 and 3,919,995 are attached hereto as Exhibits E and F.

41.     MathWorks also uses additional marks, such as SIGNAL PROCESSING TOOLBOX, PARALLEL COMPUTING TOOLBOX, and IMAGE PROCESSING TOOLBOX and STATISTICS TOOLBOX, to market, sell, and distribute MathWorks technical computer software products. MathWorks has expended significant time, energy and money promoting and marketing products under these other distinctive marks. Accordingly, the marks have become well known and have acquired secondary meaning and substantial, valuable goodwill, such that customers associate the marks with MathWorks.

42.     Collectively, the marks referenced in the preceding paragraph and the registered MATLAB, MATHWORKS, and the membrane marks will be referred to as "the MathWorks Marks."

43.     As a result of the high quality software and services that MathWorks has provided to its customers under the MathWorks Marks, these marks have become very valuable assets of MathWorks. MathWorks has extensively advertised, marketed and promoted its products and services in the United States, including in this Judicial District, such that the MathWorks Marks have become widely known and recognized by the public and the trade. As a result of MathWorks' investment in the MathWorks Marks, these marks have come to distinguish MathWorks and represent enormous goodwill of great value belonging exclusively to MathWorks.

## COUNT I: INFRINGEMENT OF THE '118 PATENT

44.     MathWorks realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-43.

45.     Defendants are infringing the '118 Patent under one or more sections of 35 U.S.C. § 271 in this Judicial District and elsewhere in the United States by the manufacture, use, sale, offer for sale, and/or importation into the United States of product(s) falling within the scope of one or more claims of the '118 Patent, including the AccelerEyes Jacket product.

46.     Defendants are actively inducing the infringement and/or contributing to the infringement of the '118 Patent by others in this Judicial District and elsewhere in the United States.

47.     MathWorks has been damaged by Defendants' infringement of the '118 Patent. MathWorks is entitled to recover from Defendants the damages sustained by MathWorks as a result of Defendants' wrongful acts.

48.     Defendants' infringement of MathWorks' exclusive rights under the '118 Patent will continue to damage MathWorks' business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

49.     AccelerEyes' infringement is deliberate and willful, entitling MathWorks to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  On information and belief, AccelerEyes' employees and agents have visited, and continue to visit, the MathWorks website.  The MathWorks website includes a section setting forth MathWorks' policies and statements regarding its patents.  In particular, the MathWorks website includes a webpage stating that "MathWorks products are covered by one or more patents." (http://www.mathworks.com/company/aboutus/policies_statements/patents.html).  The webpage further explains that "MATLAB®, MATLAB® Compiler, and other MATLAB family products" are covered by the '118 Patent, among other patents.  Accordingly, on information and belief,

-12-

AccelerEyes has had actual and constructive knowledge of the '118 Patent. AccelerEyes has proceeded to infringe the '118 Patent with full and complete knowledge of the '118 Patent and its applicability to the AccelerEyes Jacket product without any attempt to take a license under the '118 Patent and without a good faith belief that the '118 Patent is invalid or not infringed.

## COUNT II: INFRINGEMENT OF THE '087 PATENT

50.     MathWorks realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-49.

51.     Defendants are infringing the '087 Patent under one or more sections of 35 U.S.C. § 271 in this Judicial District and elsewhere in the United States by the manufacture, use, sale, offer for sale, and/or importation into the United States of product(s) falling within the scope of one or more claims of the '087 Patent, including the AccelerEyes Jacket product, libJacket product, and/or associated add-on products.

52.     Defendants are actively inducing the infringement and/or contributing to the infringement of the '087 Patent by others in this Judicial District and elsewhere in the United States.

53.     MathWorks has been damaged by Defendants' infringement of the '087 Patent. MathWorks is entitled to recover from Defendants the damages sustained by MathWorks as a result of Defendants' wrongful acts.

54.     Defendants' infringement of MathWorks' exclusive rights under the '087 Patent will continue to damage MathWorks' business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

55.     AccelerEyes' infringement is deliberate and willful, entitling MathWorks to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. On information and belief, AccelerEyes'

-13-

employees and agents have visited, and continue to visit, the MathWorks website. The

MathWorks website includes a section setting forth MathWorks' policies and statements

regarding its patents. In particular, the MathWorks website includes a webpage stating that

"MathWorks products are covered by one or more patents."

(http://www.mathworks.com/company/aboutus/policies_statements/patents.html). The webpage

further explains that "MATLAB®, MATLAB® Compiler, and other MATLAB family products"

are covered by the '087 Patent, among other patents. Accordingly, on information and belief,

AccelerEyes has had actual and constructive knowledge of the '087 Patent. AccelerEyes has

proceeded to infringe the '087 Patent with full and complete knowledge of the '087 Patent and

its applicability to the AccelerEyes Jacket product, libJacket product, and/or associated add-on

products without any attempt to take a license under the '087 Patent and without a good faith

belief that the '087 Patent is invalid or not infringed.

## COUNT III: INFRINGEMENT OF THE MATHWORKS MARKS

56.     MathWorks realleges and incorporates by reference each of the allegations set

forth in Paragraphs 1-55.

57.     Defendants' continued use of registered MathWorks Marks in connection with the

AccelerEyes products infringes the MathWorks Marks in violation of the Lanham Act, 15 U.S.C.

§1114.

58.     Defendants' continued use of registered MathWorks Marks creates a likelihood of

confusion, mistake and/or deception as to the affiliation, connection, association, origin,

sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendants'

products relative  to MathWorks and MathWorks' products.

59.     Because of Defendants' unlawful actions, MathWorks has suffered and continues

to suffer irreparable harm including, but not limited to, detriment and diminution in value of the

registered MathWorks Marks, for which there is no adequate remedy at law.  Accordingly, MathWorks is entitled to an injunction against Defendants, pursuant to 15 U.S.C. § 1116.

60.    MathWorks has also suffered and continues to suffer injury and is entitled to recover all damages caused by Defendants' wrongful acts, all profits realized, and costs of suit, pursuant to 15 U.S.C. § 1117.

61.    On information and belief, Defendants have been aware of one or more registered MathWorks Marks and that they were using such registered MathWorks Marks without a license. Despite such knowledge, Defendants continued to use the registered MathWorks Marks without any attempt to take a license and without a good faith belief that the registered MathWorks Marks were not infringed.  Given that Defendants' actions have been willful, deliberate and fraudulent, MathWorks is entitled to treble damages and an award of reasonable attorneys' fees against Defendants, pursuant to 15 U.S.C. § 1117.

## COUNT IV:  FEDERAL UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN

62.    MathWorks realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-61.

63.    Defendants' use of MathWorks Marks constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), because the public will likely be confused, mistaken and/or deceived as to the origin, nature, quality and characteristics of Defendants' products and services relative to MathWorks' products and services.

64.    Because of Defendants' unlawful actions, MathWorks has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of the MathWorks Marks, for which there is no adequate remedy at law.  Accordingly, MathWorks is entitled to an injunction against Defendants, pursuant to 15 U.S.C. § 1116.

65.     MathWorks also has suffered and continues to suffer injury and is entitled to recover all damages sustained as a result of Defendants' wrongful acts, all profits realized, and costs of suit, pursuant to 15 U.S.C. § 1117.

66.     On information and belief, Defendants have been aware of one or more MathWorks Marks and that they were using such MathWorks Marks without a license.  Despite such knowledge, Defendants continued to use the MathWorks Marks without any attempt to take a license and without a good faith belief that the MathWorks Marks were not infringed.  Given that Defendants' actions have been willful, deliberate and fraudulent, MathWorks is entitled to treble damages and an award of reasonable attorneys' fees against Defendants, pursuant to 15 U.S.C. § 1117.

## COUNT V:  FEDERAL DILUTION

67.     MathWorks realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-66.

68.     One or more of the MathWorks Marks are famous and distinctive and well known in the United States in connection with technical computing software and related services.

69.     Defendants' illegal and infringing use of the MathWorks Marks commenced long after those MathWorks Marks had become famous.

70.     Defendants' acts constitute willful and intentional dilution of the distinctive quality of, and tremendous goodwill associated with, those MathWorks Marks in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

71.     Defendants' acts have resulted in actual dilution of one or more famous MathWorks Marks.

72.     Because of Defendants' unlawful actions, MathWorks has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value,

effectiveness and quality of the famous MathWorks Marks, for which there is no adequate remedy at law. Accordingly, MathWorks is entitled to an injunction against Defendants, pursuant to 15 U.S.C. §§ 1116 and 1125(c).

73.     MathWorks also has suffered and continues to suffer injury and damages and is entitled to recover all damages sustained as a result of Defendants' wrongful acts, all profits realized, and costs of suit, pursuant to 15 U.S.C. §§ 1117 and 1125(c).

74.     On information and belief, given that Defendants' actions were willful, deliberate and fraudulent, MathWorks is entitled to treble damages and an award of reasonable attorney's fees against Defendants, pursuant to 15 U.S.C. §§ 1117 and 1125(c).

**COUNT VI:  VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

75.     MathWorks realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-74.

76.     Defendants' activities in the course of business and set forth above have caused and will continue to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, certification, status, association, affiliation, or connection of Defendants and/or their products and services with MathWorks.

77.     Defendants' activities have given rise and will continue to give rise to the incorrect belief that Defendants have some connection with MathWorks, irreparably damaging MathWorks' goodwill and reputation, in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

78.     Defendants will continue to engage in deceptive acts causing this irreparable damage to MathWorks, unless such activities are enjoined by this Court.

## COUNT VII: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

79.     MathWorks realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-78.

80.     Defendants' knowing and intentional use of the MathWorks Marks constitutes an unfair method of competition, a deceptive trade practice, and a misrepresentation of the source, origin, affiliation, or sponsorship of Defendants' products, including the AccelerEyes Jacket and/or libJacket products, under the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2.

81.     Defendants' acts are fraudulent and are calculated to cause reliance, deception, and confusion. Defendants' acts occurred in the course of trade and commerce.

82.     Defendants' acts have caused and will continue to cause irreparable injury to the public and MathWorks' goodwill and business reputation. MathWorks is entitled to recovery of damages, costs, and entry of a permanent injunction, as well as other remedies contemplated by 815 ILCS 505 *et seq*.

## COUNT VIII: COMMON LAW UNFAIR COMPETITION

83.     MathWorks realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-82.

84.     MathWorks has invested extensive time, labor, skill, money, and effort to create, develop, and brand its MATLAB® and companion toolbox products. Defendants are improperly and wrongfully using the MATLAB® and companion toolbox products, information contained in those products, and marks associated with those products to compete unfairly with MathWorks. As a result of this conduct, Defendants have gained an unfair advantage in competition with MathWorks because Defendants are not burdened with the expense and effort

incurred by MathWorks to create and develop the products and marks for MATLAB® and companion toolboxes.

85.    As a result of Defendants' conduct, MathWorks has suffered and continues to suffer substantial damage and irreparable harm.  MathWorks is entitled to a recovery of damages, costs, and entry of a permanent injunction enjoining Defendants from performing such acts.

### JURY DEMAND

86.    MathWorks requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

87.    WHEREFORE, MathWorks prays for judgment and seeks relief against Defendants as follows:

a)    For judgment that the '118 Patent has been and continues to be directly and/or indirectly infringed by Defendants;

b)    For judgment that the '087 Patent has been and continues to be directly and/or indirectly infringed by Defendants;

c)    For judgment that AccelerEyes' infringement of the '118 Patent has been willful;

d)    For judgment that AccelerEyes' infringement of the '087 Patent has been willful;

e)    For permanent injunctions enjoining the aforesaid acts of patent infringement by Defendants, their officers, agents, servants, employees, subsidiaries, successors, assigns, and all other persons acting in concert or participation with Defendants, including related individuals and entities, customers, representatives, dealers, distributors, and importers;

f)    For an award of damages adequate to compensate MathWorks for the patent infringement that has occurred, together with prejudgment interest and costs;

g)    For an award of all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of compensatory damages found;

-19-

h)      For an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

i)      For judgment that Defendants immediately shut down portions of their websites, and deliver to MathWorks any other materials, packaging, brochures, advertising materials, letterhead, or other promotional materials, that bear the MathWorks Marks or any similar marks;

j)      For a preliminary and permanent injunction enjoining Defendants, or anyone else acting in concert with the Defendants, or on their behalf, from:

- Using or displaying any packaging, brochures, advertising or other promotional materials that bear the MathWorks Marks or any similar variations thereof in any manner whatsoever;

- Using the MathWorks Marks or any similar variations thereof in connection with any advertisements, marketing or sales activities of any kind;

- Creating, distributing or placing for viewing or publication any materials of any kind that bear the MathWorks Marks in the future;

- Engaging in any other conduct that is dilutive of the MathWorks Marks or that suggests or tends to suggest to the public that Defendants are, in any manner, directly or indirectly affiliated, connected or associated with MathWorks or that Defendants' products or services originate from or are sponsored or approved by MathWorks;

k)      For a judgment that Defendants' aforesaid acts constitute infringement of MathWorks' federally registered trademarks in violation of 15 U.S.C. § 1114; unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); federal dilution in violation of 15 U.S.C. § 1125(c);

l)      For an award to MathWorks of Defendants' profits pursuant to 15 U.S.C. § 1117;

m)      For an award to MathWorks of treble damages, its costs, and its attorneys' fees pursuant to 15 U.S.C. § 1117;

n)      For a judgment that Defendants' aforesaid acts constitute a violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) and an award of all damages, costs, and entry of a permanent injunction appropriate under these Acts;

o)      For a judgment that Defendants' aforesaid acts constitute unfair competition, an award appropriate to compensate MathWorks for such unfair competition, and an entry of a permanent injunction enjoining Defendants from performing the aforesaid acts;

p)      For a judgment requiring Defendants to file with the Court and serve upon MathWorks' counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the judgment.

q)      For a judgment requiring Defendants to account to MathWorks for all their profits in connection with any and all commercial activity relating to its use of the MathWorks Marks;

r)      For an award to MathWorks of damages MathWorks sustained as a result of Defendants' wrongful, infringing and tortious acts, together with an amount which is three times the amount found as actual damages;

s)      For an award to MathWorks of punitive damages to the extent permitted by law; and

t)      For such other and further relief as the Court may deem just and proper.

Dated: July 9, 2011                          Respectfully submitted,

                                             Krista S. Schwartz (6238053)
                                             ksschwartz@jonesday.com
                                             I. Sasha Mayergoyz (6271800)
                                             smayergoyz@jonesday.com
                                             Stacy A. Baim (6257018)
                                             sabaim@jonesday.com
                                             John M. Michalik (6280622)
                                             jmichalik@jonesday.com
                                             JONES DAY
                                             77 West Wacker
                                             Chicago, IL  60601-1692
                                             Telephone:    (312) 782-3939
                                             Facsimile:    (312) 782-8585

                                             Attorneys for Plaintiff The MathWorks, Inc.